JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEAUX SCHROEDER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PAMONA POLICE OFFICER,<br><br>　　　　　Defendant. | Case No. 2:20-CV-09816 AB (KES)<br><br>ORDER DISMISSING ACTION FOR WANT OF PROSECUTION |

　　On October 23, 2020, Beaux Schroeder ("Plaintiff"), an inmate in state custody, filed a civil rights lawsuit under 42 U.S.C. § 1983, alleging that a Pomona Sheriff Officer used excessive force against him. (Dkt. 1 ["Complaint"].) In his Complaint, Plaintiff informed the Court that he was currently incarcerated at the West Valley Detention Center in Rancho Cucamonga, California. (Id. at 8.[1]) On October 29, 2020, the Court notified Plaintiff that his case had been assigned to the undersigned District Judge and referred to Magistrate Judge Karen E. Scott. (Dkt. 3 ["Notice of Assignment"].) On November 2, 2020, the Court issued an order dismissing the Complaint with leave to amend. (Dkt. 4 ["ODLA"].) The ODLA

---

[1] Citations refer to the pagination imposed by the Court's e-filing system.

dismissed the Complaint without prejudice for failure to conform to the requirements of Rule 8 of the Federal Rules of Civil Procedure and provided Plaintiff with options as to how to proceed with his action. (Id. at 3–4.) On November 9, 2020, the Notice of Assignment was returned to the Court, noting that Plaintiff was "NOT IN CUSTODY." (Dkt. 5.) On November 12, 2020, the ODLA was returned to the Court, again noting that Plaintiff was "NOT IN CUSTODY." (Dkt. 6.)

The Central District of California's Local Rules state:

> A party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

C.D. Cal. L.R. 41-6. More than 15 days have passed since the Court served the Notice of Assignment and ODLA by U.S. Mail upon Plaintiff at his address of record. Because the Court is unable to deliver the ODLA, which provided Plaintiff with options on how to proceed, Plaintiff has left this action in limbo.

District courts may dismiss cases sua sponte for failure to prosecute or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005); see also Link v. Wabash R.R., 370 U.S. 626, 629–30 (1962) (holding that the court has "inherent power" to dismiss cases sua sponte for lack of prosecution). In Carey v. King, 856 F.2d 1439 (9th Cir. 1988) (per curiam), the Ninth Circuit cited the following factors as relevant to the Court's determination whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of

litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Id. at 1440; accord Sokolsky v. Meeks, 789 F. App'x 63, 64 (9th Cir. 2019).

Here, factors one and two, the public's interest in expeditious resolution of litigation and the court's interest in managing its docket, militate in favor of dismissal for Plaintiff's failure to prosecute. Factor four, the public policy favoring disposition of cases on the merits, counsels against dismissal, but a dismissal without prejudice would not, in and of itself, preclude consideration of the case on the merits at some later date. Lastly, the fifth factor, the availability of less drastic sanctions, also counsels in favor of dismissal where, as here, mail to Plaintiff is being returned as undelivered at the address of record he provided. Under the facts here, there is no viable lesser alternative. Thus, three of the five factors set forth in Carey strongly favor dismissal, and dismissal of the action is warranted.

IT THEREFORE IS ORDERED that Judgment be entered dismissing this action without prejudice for failure to prosecute.

DATED: November 25, 2020

ANDRE BIROTTE JR.
UNITED STATES DISTRICT JUDGE

Presented by:

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE